**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1782-17T4

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

P.S.,[1]

 Defendant-Appellant.

_____

Submitted January 28, 2019 – Decided February 15, 2019

Before Judges Fasciale and Rose.

On appeal from Superior Court of New Jersey, Law Division, Burlington County, Indictment No. 12-11-1535.

Joseph E. Krakora, Public Defender, attorney for appellant (Durrell Wachtler Ciccia, Designated Counsel, on the brief).

Scott A. Coffina, Burlington County Prosecutor, attorney for respondent (Alexis R. Agre, Assistant Prosecutor, of counsel and on the brief).

_____

[1] We use initials to protect the privacy of the victim.

PER CURIAM

Defendant appeals from an August 31, 2017 order denying his petition for post-conviction relief (PCR). Defendant maintains that his trial counsel rendered ineffective assistance. Judge Jeanne T. Covert, who had tried the case, entered the order and rendered a thorough written opinion. On appeal, defendant argues:

> THE [PCR] COURT ERRED IN DENYING DEFENDANT'S REQUEST FOR AN EVIDENTIARY HEARING.

We conclude that defendant's argument is without sufficient merit to warrant further discussion in a written opinion. R. 2:11-3(e)(2). We affirm substantially for the reasons given by Judge Covert, and add the following brief remarks.[2]

A defendant is entitled to an evidentiary hearing only when he "has presented a prima facie [case] in support of [PCR]," State v. Marshall, 148 N.J. 89, 158 (1997) (first alteration in original) (quoting State v. Preciose, 129 N.J. 451, 462 (1992)), meaning that a "defendant must demonstrate a reasonable

---

[2] In his merits brief, defendant briefly claims, for the first time, that appellate counsel rendered ineffective assistance. We conclude that such a contention is without merit to warrant further discussion in this opinion. R. 2:11-3(e)(2). Nevertheless, we considered that argument on direct appeal. State v. P.S., No. A-3442-13 (App. Div. Nov. 4, 2015) (slip op. at 11). As such, defendant's claim is barred procedurally. R. 3:22-5; see also State v. Marshall, 173 N.J. 343, 350-53 (2002).

likelihood that his . . . claim will ultimately succeed on the merits." Ibid. For a defendant to obtain relief based on ineffective assistance grounds, he is obliged to show not only the particular manner in which counsel's performance was deficient, but also that the deficiency prejudiced his right to a fair trial. Strickland v. Washington, 466 U.S. 668, 687 (1984); accord State v. Fritz, 105 N.J. 42, 58 (1987). We conclude that defendant failed to demonstrate a reasonable likelihood that his PCR claim will ultimately succeed on the merits. And we conclude further that defendant has failed to satisfy either prong of Strickland.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1782-17T4